We'll hear the next case, United States v. Feaster. I'm not sure if the court can see me. We can see you now. We can hear you as well, so you can proceed. Thank you, Your Honor, and may it please the court. Mr. Feaster raises two claims of error, and the first is under the Supreme Court's decision in Rafe v. the United States, and that focuses on whether he was entitled to have his jury instructed properly under the new element that the Supreme Court found was appropriate to apply to Section 922G1, and specifically that he subjectively knew that he fell into a category of a prohibited person. Between the time that we filed our opening brief and the government filed its brief, this court decided the Miller case, which found essentially that in the plain error context, where there was no objection, contemporaneous objection to the charge, that it was a big fairness, integrity, or public reputation of judicial proceedings as required in the final prong of Olano and the plain error standard. So, we recognize that Miller is the law of the circuit. I note, though, that there is now a conflict among the circuits, and in particular, I draw the court's attention to United States v. Medley, M-E-D-L-E-Y, and that's at 972 Fed 3, 399. That's a Fourth Circuit decision from August of this year, where the court essentially rejected the Miller analysis and found that a failure to properly instruct the jury, combined with a failure to include the element, the subjective knowledge element in the indictment, amounted to plain error, and an error seriously affecting the integrity of judicial proceedings. So... Is this case, is our case, distinguishable from Miller? It really is not, Your Honor. I think... I would have to say that Miller controls this case. I agree with the government on that. I think... And we're bound by Miller. We're bound by Miller. So, in the end, we're headed to the Supreme Court, it looks like, unless the court takes up Medley or some other related case. In terms of the second issue, we believe the upward departure or variance, whatever it was, and the district court at different times called it both, in the sentence, was both procedurally unreasonable and substantively unreasonable. It was procedurally unreasonable because the court departed upward to a 16-month sentence from a much lower guideline range, and a guideline range of 27 to 33 months, and didn't really address the sentencing guideline calculations that put the defendant at a much lower sentencing range. And in particular, the court did not address or did not discuss why the defendant's placement in offense level category four in the guidelines was not sufficient to recognize or to take into account his prior criminal conduct. Can I ask a question there, please, Mr. Lipschitz? Sure. Didn't the judge in the case, though, not only adopt the report, the pre-sensing report, but didn't he also allude to the conduct as to the circumstances under which the defendant was arrested, where he was riding an ATV down the highway, and when stopped, attempted to throw or did throw a firearm under another car, alluding to the dangerousness of that conduct, and also his prior offense? Am I correct? So I'm not so sure I'm ready to agree that the district court didn't give some reasons for the upward departure from 27 to 33 up to 60 months. Are we free to really ignore all of that discussion in the sentencing? No, you're not free to ignore it. But on the other hand, the guidelines took the conduct that Your Honor just mentioned, the guidelines addressed both of those issues. That is to say, the guidelines addressed the reckless endangerment during flight with a two-level upward adjustment under Guidelines Section 3C1.2. So the guidelines took it into account. He also got it downward for acceptance of responsibility, right? Well, yes, he did get it downward. Over the government's objection. Over the government's objection. But in other words, I think we have to take these individually and not treat them as though they can be balanced out. Well, I'm not suggesting that, but I'm simply trying to look at the calculation and that the judge was aware, certainly, of the guidelines range. Well, but he had to address why the guidelines range, which both through the placement of imposition of an enhancement for reckless endangerment during flight. Why was that not sufficient? The guidelines took those issues, which the judge focused on and which Your Honor just asked about, into account. And the judge didn't say why he had to go upward to almost double the sentence. I think the Gall case in the Supreme Court says the extent of the variance has to be justified by the court. And here you have a variance which is very dramatic. And the court didn't really address why placement in Category 4 wasn't sufficient. And the court didn't address why. The court didn't specifically talk about, you know, the extent of the upward variance. But gave, as Judge Stancil has noted, gave a fair number of reasons for why he felt a 60-month sentence was justified. Why isn't that explanation sufficient? Because there's two issues. On the procedural front, he specifically has to address the guidelines. I don't believe it's sufficient for the court to say, here's what I think, based on your criminal history, based on your conduct during the arrest, which caused a real, you know, which was dangerous and concerning. Therefore, I'm going to 60 months. He can't do that, Your Honor, it seems to me, without addressing the specific guidelines, provisions which cover both criminal history and the conduct that bothered him so much. I'm sorry, is it, what do we do with the fact that the standard is more burdensome on your client because of the plain error? In other words, he didn't make this objection, any of these objections below. And when he was invited to make a statement at sentencing, he declined to do so. Well, Your Honor. I mean, that makes, that does, is there a reason that that does not, that higher standard doesn't tie our hands somewhat? The higher standard doesn't apply, Your Honor, for the two reasons I stated in the reply brief. First, because the judge at sentencing called this a departure. And then in his statement of reasons, filed after sentencing, called it a variance. So if the defendant had objected to an upward departure, he would have objected to a theory that the judge didn't even articulate till after the sentencing. So the court shouldn't apply plain error here, as well as for the reasons in the Rosales case, which I say in the reply brief. Thank you. We'll hear from the government. Good morning, Your Honors, and may it please the court. My name is Sean Eldridge. I'm an assistant United States attorney for the Western District of New York. I represent the United States on this appeal, and I represented the United States before the district court below. Mr. Feaster's unpreserved reheif claim is foreclosed by this court's precedential decision in Miller. And because the reasons that were articulated by Chief Judge Geraci during the sentencing proceeding demonstrate that the sentence of 60 months that he imposed is both procedurally and substantively reasonable, this court should affirm the conviction and the sentence. In terms of the Miller argument, my friend has conceded that the facts are indistinguishable. Miller, of course, is the law of the circuit and, in any event, is also consistent with the decisions of at least the 5th, 6th, 7th, 8th, 9th, and 11th Circuit on the reheif issue. Unless the court has any questions on the Miller point, I'll move on to the sentencing issues. In terms of procedural, Mr. Feaster's procedural error claim, we are here on plain error review. The court did use the term departure once during its sentencing, but at the end specifically referred to his decision as a variance. And also, I clarified it. This is at A204 of the appendix. Judge, you clarified one of them. You said depart before, but I know what the court's really, based on your articulation now, is really a variance under 3553A. And the court responded, yes. In any event, as this court knows, there are no specific incantations that are required when the court imposes sentence. And this court in Rosa said that the 3553C statement of reasons requirement sets a low threshold. And what Judge Geraci addressed here, the defendant's history in that this was his fourth conviction at only age 22 in his third felony, the seriousness of the conduct, the remarkable similarity of the conduct to his prior conviction where he also threw a gun, and the needs for both specific and general deterrence are more than sufficient to satisfy 3553C on any review, much less plain error. How do you respond to counsel's argument that the district court failed to explicitly address the extent of the variance? So, Judge, two responses to that. On the substantive reasonable point, of course, this court patrols the boundaries of reasonableness and is only going to set aside a sentence if it is shockingly high or low. And under 3553A, this court presumes that the court considered those factors. And the court is required to articulate reasons for the sentence that it gave. But it is not required to give kind of a mathematical calculation, you know, because I find this fact, I give you six months more or vice versa. And the court did exactly that here. In fact, to the extent certainly the guidelines take factors into account. But I take my friend's argument to essentially say if the factors are in the guidelines, that's the end of it. And frankly, that's really a pre-Booker argument. The guidelines are but one factor for the court to consider. And as long as the court considers those factors correctly, which it did, it found the range of 27 to 33 months, gave the defendant acceptance, as Judge Stansu noted, over the government's objection even after he went to trial, and then carefully analyzed the 3553A factors and articulated his reasons primarily focused on the conduct, the prior conduct, the remarkable history of a 22-year-old man who was already in criminal history category four, as well as its needs for deterrent, the need for deterrence, excuse me, which more than sufficiently satisfies the requirements of 3553A. Thank you.  Thank you, Your Honors. Thank you, Your Honor. This is not a pre-Booker argument. This is an argument that courts, even after Booker, are required to take the guidelines seriously. And they are required to address the guidelines in making a variance. If this were reversed and the district court, instead of doubling the guideline range, had given half the guideline sentence, the government would be here arguing that the court didn't pay adequate attention to the guidelines. Yet now, the government is here arguing that the guidelines don't need to be specifically addressed. You know, this is two years of someone's life, more than two years that have been added to the guideline range. That is not something that should stand unless the court specifically addressed why category four and why the upward adjustment under section 3C1.2 were insufficient. Thank you both. The court will reserve decision.